IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DAVID A. BOYCE, :
:
    Petitioner, :
:
v. : Civ. No. 14-1403-LPS
:
STATE OF DELAWARE, :
:
    Respondent. :

David A. Boyce, Sussex Correctional Institution, Georgetown, Delaware.

    Pro Se Petitioner.

**MEMORANDUM OPINION**

November 20, 2014
Wilmington, Delaware

*[signature]*

**STARK, U.S. District Judge:**

**I.    INTRODUCTION**

Petitioner David A. Boyce ("Petitioner") filed this petition for a writ of mandamus for "federal oversight." (D.I. 1) He appears *pro se*, but he did not pay the filing fee or submit a request to proceed *in forma pauperis*.

**II.   DISCUSSION**

The petition is filed against Respondent State of Delaware ("State of Delaware"). Petitioner states that he is a prisoner from the Commonwealth of Massachusetts who was transferred to the State of Delaware. Court records indicate that Petitioner was transferred here in 2013 due to safety concerns and threats against him while he was housed in Massachusetts correctional institutions. *See Boyce v. Commonwealth of Massachusetts*, Civ. No. 12-30161-MAP (D. Mass.) at D.I. 32. Petitioner states that he is "entitled to protections as a Commonwealth of Massachusetts prisoner for federal oversight and all affordable protections therein affordable to himself against the Commissioner of Correction of Delaware, the wardens, and watch commanders, captains, and all other underlings." (D.I. 1)

To be eligible for mandamus relief under 28 U.S.C. § 1361, a petitioner must satisfy three conditions. First, the party seeking issuance of a writ must demonstrate that he has "no other adequate means to attain the relief he desires." *Cheney v. United States Dist. Court*, 542 U.S. 367, 380 (2004) (citation omitted). Next, he must carry the burden of showing that "his right to the issuance of the writ is clear and indisputable." *Id.* at 381 (citations omitted). Finally, "the issuing court . . . must be satisfied that the writ is appropriate under the circumstances." *Id.*

Petitioner does not meet the stringent requirements for mandamus relief. He seeks relief apparently anticipating that his rights will be violated while he is housed in Delaware correctional facilities. Should that unlikely event occur, Petitioner has available to him alternative remedies, such

1

as filing a civil action in state or federal court. The Court finds that Petitioner failed to demonstrate his entitlement to a writ of mandamus.

## III. <u>CONCLUSION</u>

For the above reasons, the Court will deny and dismiss the Petition for Writ of Mandamus. An appropriate order follows.